Gurung v Sotoestrada (2024 NY Slip Op 03683)

Gurung v Sotoestrada

2024 NY Slip Op 03683

Decided on July 3, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
PAUL WOOTEN
BARRY E. WARHIT
LOURDES M. VENTURA, JJ.

2022-09290
 (Index No. 719616/18)

[*1]Bikal Gurung, appellant, 
v
Fredi Sotoestrada, respondent, et al., defendant.

Eric H. Green (Mischel & Horn, P.C., New York, NY [Scott T. Horn, Nicholas Bruno, and Ross Friscia], of counsel), for appellant.
Morris Duffy Alonso Faley & Pitcoff, New York, NY (Iryna S. Krauchanka and Kevin G. Faley of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Sally E. Unger, J.), entered October 22, 2022. The order granted the motion of the defendant Fredi Sotoestrada for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant Fredi Sotoestrada for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident is denied.
The plaintiff commenced this action to recover damages for personal injuries that he allegedly sustained when his vehicle came into contact with a vehicle owned by the defendant Fredi Sotoestrada (hereinafter the defendant). The defendant moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. In an order entered October 22, 2022, the Supreme Court denied the motion. The plaintiff appeals.
On appeal, the plaintiff does not challenge the Supreme Court's determination that the defendant met his prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). In opposition, however, the plaintiff raised a triable issue of fact as to whether he sustained serious injuries to the cervical and lumbar regions of his spine under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102(d) through the affirmed medical report of his doctor (see Perl v Meher, 18 NY3d 208).
Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
BARROS, J.P., WOOTEN, WARHIT and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court